WILLIAMSON *v.* BAUGH.

71    491
f88     50

Opinion delivered October 10, 1903.

1. SWAMP LAND GRANT—REJECTION OF SELECTION—EFFECT.—Where land claimed by the state under the swamp land grant of September 28, 1850, was sold by the state, but was never confirmed and patented to the state, the decision of the Secretary of the Interior that the land did not pass under the swamp land grant cannot be overturned by parol evidence in an ejectment suit brought by the state's purchaser against one claiming a homestead under the United States. (Page 492.)

2. UNCONFIRMED SWAMP LAND—EFFECT OF PURCHASE.—A purchaser of unconfirmed swamp land from the state takes with notice that the Secretary of the Interior may reject the state's selection of such land. (Page 493.)

Appeal from Sevier Circuit Court.

WILL P. FEAZEL, Judge.

Affirmed.

*W. H. Arnold, Collins & Lake* and *Jas. D. Head,* for appellants.

The grant of swamp lands made to the several states by the act of September 28, 1850, was a grant *in praesenti,* and conferred a present vested right. 20 Ark. 100; 24 Ark. 431; 29 Ark. 56; 32 Ark. 833; 54 Ark. 251; 121 U. S. 488; 9 Wall., 95; 57 N. W. 23. The recitals in the deed are sufficient. Sand. & H. Dig. § 4658. A swamp land patent is conclusive evidence of the legal title, and must prevail, unless a prior right or superior equity is shown. 39 Ark. 120. The patent is *prima facie* evidence of all the facts recited. 33 Ark. 833. Official acts are presumed to be right and duly performed. 31 Ark. 609; 27 Ark. 200. The selection of the lands in controversy by public officers should be accorded the force of a deposition. 16 Pet. (U. S.) 147; 196; 39 Fed. 66. Appellee is not entitled to improvements. 48 Ark. 186; 25 Ark. 419.

*A. N. Scroggin,* for appellees.

The decision of the interior department rejecting the selection of swamp and overflowed lands is final and conclusive that they are not such lands. 46 Ark. 17. Courts do not disturb the decisions of the land department in the absence of fraud. 4 N. Dak. 452; 21 Colo. 210, 367; 78 Cal. 235. The burden of proof is upon the state to show tracts of land to be of the character granted. 7 L. D. 257; 28 Fed. 708; 3 L. D. 521; 10 L. D. 321; 19 L. D. 63; 2 L. D. 651. The homestead certificate was admissible in evidence. 36 Ark. 471; 159 U. S. 66; 31 Ark. 279; 21 Fed. 492; 26 Ark. 54; 31 Ark. 528; 57 Ark. 153. When an entryman does all that is required of him under the law, his entry becomes intact. 132 U. S. 339; 98 U. S. 118; 115 U. S. 405; 56 Am. Dec. 541; 38 Ala. 311; 6 Wall., 402; 139 U. S. 509, 530; 93 U. S. 169. There is evidence to support the verdict found. 25 Ark. 474; 23 Ark. 13; 31 Ark. 163; 51 Ark. 467; 57 Ark. 577.

RIDDICK, J. This is an action of ejectment brought by H. C. and E. Y. Williamson to recover from Robert N. Baugh a tract of land in Sevier county, containing 120 acres. Plaintiffs purchased the land from one Allen, who had purchased it from the state, and had received a deed to it as a part of the swamp and overflowed land granted to the state by act of congress in 1850. Act September 28, 1850, c. 84, 9 Stat. 519. But this land had never been confirmed or patented to the state, and this fact was recited in the deed from the state to Allen. Afterwards the secretary of the interior decided that the land was not a part of the swamp and overflowed land granted to the state by the act of 1850, and was subject to homestead entry. The defendant entered the land as a homestead, and holds under the United States in that way.

On the trial the plaintiffs introduced parol evidence tending to show that 80 acres of the land was in fact swamp and overflowed land, but, notwithstanding this evidence, the court held that the decision of the land department to the effect that the land was not swamp and overflowed land, and was subject to entry, was final, and could not be overturned in a collateral proceeding. This decision, we think, was correct. While some of the decisions of the supreme court of the United States cited by counsel for plaintiffs, notably the case of *Wright* v. *Roseberry,* 121 U. S. 488, may seem to support a different rule, yet later decisions of the court show that this is not so. *Chandler* v. *Calumet Co.,* 149 U. S. 89; *McCor-*

*mick* v. *Hayes,* 159 U. S. 332; *Rogers Locomotive Works* v. *Emigrant Co.,* 164 U. S. 559.

These decisions hold that, as the swamp and overflowed land granted to the states was under the act to be selected by the secretary of the interior, his decision in reference to the character of such land is, in the absence of fraud, final, and can not be overturned by parol evidence in a collateral proceeding. Those cases seem to establish the rule that in actions at law to recover such land by parties holding under the state parol evidence to establish the nature of the land can be resorted to only in cases where the secretary has failed or refused to act, and has made no decision as to the nature of the land.

While the decision of the land department at Washington in this case was made without service or notice upon plaintiffs, still the deed from the state to their grantor, Allen, recited that the selection of this land by the state as swamp and overflowed land had never been confirmed. Plaintiffs were thus notified by the terms of this deed that the title of Allen, from whom they purchased, was imperfect, and that the question of confirming or rejecting the selection of this land by the state was pending before the secretary of the interior, and that, if the selection made by the state was rejected by him, the title derived from the state would be defeated. Plaintiffs were therefore in a position similar to one who purchases *pendente lite,* and they should have taken steps to convince the department at Washington of the true character of the land before it took final action in the matter. They did not do this, but waited until the defendant had entered and improved the land under the homestead laws of the United States, and then brought this action of ejectment. Being of the opinion that the circuit court correctly decided that the decision of the land department at Washington could not be overturned in that way, we think the judgment should be affirmed, and it is so ordered.